**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 30, 2015

LETTER TO COUNSEL

   RE: *Patricia Carpenter Nock v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-3986

Dear Counsel:

  On December 22, 2014, Plaintiff Patricia Carpenter Nock petitioned this Court to review the Social Security Administration's final decision to deny her claims for benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Nock's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to 42 U.S.C. § 405(g). This letter explains my rationale.

  Ms. Nock filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 7, 2011, originally alleging a disability onset date of August 7, 2010.[1] (Tr. 209-20). Her claims were denied initially and on reconsideration. (Tr. 149-53, 156-69). A hearing was held on July 9, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 36-90). Following the hearing, the ALJ determined that Ms. Nock was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-35). The Appeals Council denied Ms. Nock's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

  The ALJ found that, during the relevant period, Ms. Nock suffered from the severe impairments of residuals of left shoulder and neck injury. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Nock retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) standing and walking for six hours and sit for six hours in an 8-hour day, in the postural area no climbing ladders, ropes, scaffold, or crawl, occasionally climb ramps and stairs, frequently balance, stoop, kneel, crouch, crawl, avoid working overhead with her arms, and in general avoid pushing and pulling with the left arm, and

---

[1] At her hearing, in recognition of the fact that she engaged in substantial gainful activity in 2011, she amended her onset date to January 1, 2012. (Tr. 43-44).

*Patricia Nock v. Commissioner, Social Security Administration*
Civil No. SAG-14-3986
September 30, 2015
Page 2

>   avoiding concentrated exposure to extreme cold and wetness, and hazards defined as heights and moving machinery.[2]

(Tr. 23).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Nock could perform some of her past relevant work as an LPN and medical reviewer, as well as other jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled.  (Tr. 27-29).

Ms. Nock raises three arguments on appeal:  (1) that the ALJ erred in evaluating the opinion of her treating therapist, Mr. Bair; (2) that the ALJ erred in evaluating the opinion of her treating physician, Dr. Jaffery; and (3) that the ALJ failed to include limitations relating to her severe neck impairment.  Each argument fails to warrant remand, and is addressed below.

Ms. Nock's main contentions are the assignments of weight to the opinions of her treating therapist, Mr. Bair, and her treating physician, Dr. Jaffery.  Pl. Mot. 5-13.  In addressing those opinions, the ALJ stated:

>   FCE (functional capacity evaluation), provided to Dr. Jaffery, was completed in August 2011 by Coastal Physical Therapy and Sports Medicine, demonstrating the ability to perform sedentary exertional work.  (Exhibit 6F, 9F).  Limited weight can be given the FCE because it was not performed by an acceptable medical source.  Dr. Jaffery in September 2011 provided a statement, primarily based upon the FCE, indicating that the claimant could lift up to 10 pounds, no bending or prolonged sitting, and no standing longer than 2 hours at a time, no pushing or squatting. (Exhibit 25F).  Objective findings do not support limitation to lifting only 10 lbs.

(Tr. 26).  The ALJ's opinion, then, is not a model of clarity in terms of the assignment of weight to those medical sources and the reasons for those assignments.  Any error, however, is harmless in light of the substantial evidence cited by the ALJ to support the RFC assessment, and thus, by extension, the rejection of limitations greater than those set forth in the RFC assessment.

The ALJ correctly assigned less than controlling weight to the FCE written on August 9, 2011 (prior to the amended onset date) by Mr. Bair.  Mr. Bair is a physical therapist and not, therefore, an acceptable medical source whose opinion can be assigned controlling weight. (Tr. 397); see 20 C.F.R. §§ 404.1513, 404.1527(c).   However, his opinion should have been addressed on its merits, rather than simply assigned "limited weight" because he is not an acceptable medical source.

The contents of Mr. Bair's FCE, however, essentially were adopted by Dr. Jaffery in his subsequent opinion, which was also written during the period prior to the amended onset date.

---

[2] The RFC is obviously poorly written, given the number of grammatically incorrect phrases and the fact that several words appear to be in the wrong place.  (Tr. 23).  Nevertheless, the ALJ's intent is clear, and the inartful drafting does not constitute error warranting remand.

*Patricia Nock v. Commissioner, Social Security Administration*
Civil No. SAG-14-3986
September 30, 2015
Page 3

(Tr. 648). Dr. Jaffery simply spelled out some of the functional requirements of "sedentary work." *Id.* The ALJ expressly rejected the lifting restriction, citing only to unspecified "objective findings." (Tr. 26). However, the ALJ did not make an express assignment of weight to Dr. Jaffery's other findings.

The error is harmless because the ALJ's opinion cites ample substantial evidence to support Ms. Nock's ability to perform light work, and at least some of her past relevant work as an LPN. First, the ALJ cites Ms. Nock's current part-time work schedule, and the fact that she asked to be given full-time work. (Tr. 25). The ALJ further refers to the fact that Ms. Nock was able to complete a 4-year college degree program online. *Id.* The ALJ also cited to records from Dr. Weinrich, indicating that Ms. Nock was making progress, and from Dr. Greco, suggesting relatively minor examination findings. (Tr. 26-27). The ALJ noted that Ms. Nock's activities of daily living support a conclusion that she is capable of light work. (Tr. 26-27). The ALJ further relied on the VE's testimony that Ms. Nock had performed past relevant work as an LPN at various exertional levels, from sedentary to heavy, over the years.[3] (Tr. 27). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, although there might be some evidence in the record to support Ms. Nock's suggested conclusion, because the ALJ cited to substantial evidence in support of her opinion, remand is unwarranted.

Ms. Nock's final contention is that the ALJ failed to include any restrictions in her RFC assessment to address her severe impairment of neck pain. Pl. Mot. 13. Ms. Nock does not support that argument with any medical evidence or even any suggestion of the type of restrictions that, in her view, should have been included in the RFC assessment. Ultimately, there is no requirement that every severe impairment be addressed via a particular limitation in an RFC assessment. Moreover, in this case, the general restrictions to light work and to no overhead reaching adequately address the complaints of neck pain reflected in the medical records.

For the reasons set forth herein, Ms. Nock's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

---

[3] Thus, even if the ALJ were to accept Mr. Bair's and Dr. Jaffery's position that Ms. Nock were capable only of sedentary work, the determination that she could perform past relevant work as an LPN, as performed at a sedentary level, would stand. The ALJ would not have had to reach the application of the Medical Vocational Guidelines at Step Five after the Step Four determination of ability to perform past relevant work.

*Patricia Nock v. Commissioner, Social Security Administration*
Civil No. SAG-14-3986
September 30, 2015
Page 4

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                          Sincerely yours,

                          /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge